Mr. Jim Clark, Executive Director Arkansas State Crime Laboratory #3 Natural Resources Drive Little Rock, Arkansas 72215
Dear Mr. Clark:
This official Attorney General opinion is issued in response to your recent question regarding the participation of the State Crime Laboratory in a certain research project.
More specifically, you indicate that the Medical Examiner Section of the State Crime Laboratory has requested permission through the State Crime Laboratory Board to participate in an Alzheimer's disease research study project in conjunction with the University of Arkansas for Medical Sciences. The study would entail the use of the brain tissue of head trauma victims (which is routinely stored by the State Medical Examiner), and would involve the examination of such tissue for the purpose of determining whether trauma to the head triggers the onset of Alzheimer's disease.
You have presented the following question:
 Is the State Crime Laboratory's participation in the above-described research project legal?
It is my opinion that the State Crime Laboratory's participation in the described research project is legal.
In addition to other activities, the State Medical Examiner is specifically authorized to "do research, and engage in such activities as shall be deemed appropriate by the board [of the State Crime Laboratory]." A.C.A. § 12-12-308. Moreover, the State Crime Laboratory Board is specifically empowered "to authorize the Executive Director of the State Crime Laboratory to contract with the University of Arkansas School of Medicine, University Hospital, or with other persons or institutions to obtain services with which to perform the duties set forth" in the statutes governing the State Medical Examiner (A.C.A. §12-12-301 et seq.). The Medical Examiner's participation in the described research project appears to fall within the scope of the authority that is granted in A.C.A. § 12-12-308.
Moreover, the research project that you have described does not appear to be contrary to any state law, provided that the brain tissue that is used in the project is acquired legally, and all laws governing the disposition of dead bodies are complied with. Such laws include the "Arkansas Final Disposition Rights Act (A.C.A. § 20-17-102), the "Arkansas Rights of the Terminally Ill or Permanently Unconscious Act" (A.C.A. § 20-17-201 et seq.), the statutes governing postmortems (A.C.A. § 20-17-301 et seq.), the "Uniform Anatomical Gift Act" (A.C.A. §20-17-601 et seq.), the statutes governing unclaimed bodies A.C.A. §20-17-701 et seq.), and the statutes governing the disposition of human tissue A.C.A. § 20-17-801 et seq.). Whether the brain tissue has been acquired legally and the above-referenced laws have been complied with are questions of fact that will turn upon the particular facts of each case.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh